# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CLIFF BLUNTSON,**

      **Plaintiff,**

**vs.**                                                                     **Case No: 4:05cv134-WS/WCS**

**LT. A.B. ROSS, et al.,**

      **Defendants.**

      _____/

## REPORT AND RECOMMENDATION

Plaintiff did not truthfully complete the civil rights complaint form in initiating this case. Doc. 1, p. 6. Plaintiff has stated that he has not initiated any other actions in federal court relating to the fact or manner of his incarceration. *Id.* In this district alone, however, Plaintiff previously filed the following cases: 4:99cv435-RH, 4:00cv55-LC, 4:00cv251-RH, and 4:01cv38-LC. All of those cases have ended and case 4:00cv251 was dismissed as frivolous giving Plaintiff a "strike" by this Court and another "strike" by the appellate court. 28 U.S.C. § 1915(g).

Although the usual procedure in this Court would be to allow Plaintiff an opportunity to submit a response to an order to show cause in which he explains his

failure to disclose all of his prior cases and accurately presents a listing of all his prior cases in an amended complaint, there is no need for an amended complaint in this case because Plaintiff's complaint fail to state a claim.  Furthermore, an amended complaint cannot cure the problem in this case.

Before addressing the merits of Plaintiff's complaint, doc. 1, it is noted for Plaintiff's benefit that if this report and recommendation is accepted by the District Judge, this would constitute Plaintiff's third strike under 28 U.S.C. § 1915(e).  Thus, absent an expeditiously filed notice of voluntary dismissal under FED. R. CIV. P. 41(a) which *could* render this report and recommendation unnecessary,[1] Plaintiff would be barred under 28 U.S.C. § 1915(g) from being granted *in forma pauperis* status in federal court in the future, absent certain extraordinary circumstances as explained in that statute.

In this action, Plaintiff contends that he was given a disciplinary report for lying to staff, and asserts that the report was false.  Doc. 1.  Plaintiff was found guilty of the disciplinary report and lost 46 days of gain time.  The forfeited gain time has not been restored as Plaintiff's grievance appeals were denied.  *See also* doc. 3, pp. 8-9.  Plaintiff contends that a proper disciplinary hearing would have "kept [Plaintiff] out of segregation and shortened [his] sentence . . . . ."  *Id.*  The relief Plaintiff requests in this case is compensatory and punitive damages, as well as declaratory and injunctive relief.  Doc. 1.

---

[1] Whether or not this report and recommendation would be accepted and adopted by the assigned District Judge should Plaintiff voluntarily dismiss his case is unknown.

Case No: 4:05cv134-WS/WCS

Plaintiff's asserted due process claim has not yet arisen and is not ripe for review.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck, 114 S. Ct. at 2372.  To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus.  Id.*  Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen.  *Id.* at 2373.

Heck has since been extended and made explicitly applicable in the prison disciplinary setting.  Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  In Edwards, the Court held that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of goodtime credits is not cognizable under § 1983.

Here, Plaintiff cannot demonstrate that his conviction on the allegedly false disciplinary report has been overturned.  Thus, judgment in Plaintiff's favor would necessarily imply the invalidity of the report and subsequent punishment.  Plaintiff lost gain time and, accordingly, his period of incarceration has been extended.  This civil rights action cannot provide Plaintiff speedier release from prison and his claim for monetary damages is not ripe.  Plaintiff's claim must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and that the order adopting this report and recommendation direct the Clerk of Court to enter on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 26, 2005.

      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**